USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE TOPPS COMPANY, INC., :

             Plaintiff :

   -against- :

KOKO'S CONFECTIONARY & :
NOVELTY, A DIVISION OF A & A
GLOBAL INDUSTRIES, INC., :

            Defendant. :
------------------------------------------------------X

**MEMORANDUM AND ORDER**

16-CV-5954 (GBD)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court is the defendant's motion "for reconsideration of the Court's September 6, 2018 Order" denying the defendant's request for a pre-motion conference and extending the deadline for all factual depositions to be completed on or before September 30, 2018. The defendant contends: (1) it "has not waived its objections" to the scope of the plaintiff's proposed depositions; (2) "while the parties disagree on the scope of discovery, both [the defendant and the plaintiff] met their obligations to meet and confer"; and (3) "extraordinary circumstances exist for extending the time for depositions." In support of its motion, the defendant submitted a declaration by its attorney with exhibits.

The plaintiff opposes the motion contending that: (a) the defendant "ignores the reconsideration standard"; (b) "the court's orders on July 2 and 10 required the depositions to proceed regardless of any intended future objections by" the defendant; (c) the plaintiff's "motion to compel documents does not impact the depositions, and [the defendant] failed to obtain any protective order"; and (d) "the complained-of extraordinary circumstances appear to have now been mooted" because the scheduling concerns "have been amicably resolved."

1

In reply, the defendant contends that, although its "motion may be rendered moot by the passage of time, that does not mean" that the defendant waived "its longstanding and proper objections to the scope of discovery in this action." The defendant requests the Court to "allow additional leeway to schedule mutually convenient deposition dates."

## LEGAL STANDARD

Local Civil Rule 6.3 of this court provides that a party may make a motion for reconsideration of a court order determining a motion by "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

## APPLICATION OF LEGAL STANDARD

The defendant failed to comply with: (i) Local Civil Rule 7.1(a)(1) of this court requiring that a notice of motion "specify the applicable rules or statutes pursuant to which the motion is brought"; and (ii) Local Civil Rule 6.3 of this court providing that, on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court." Notwithstanding these procedural deficiencies, the Court will consider the motion.

The defendant does not set forth the factual matters or controlling decisions which it believes the Court has overlooked, as required by Local civil Rule 6.3 of this court. The defendant's disagreement with the Court's September 6, 2018 order is not a ground for a motion

for reconsideration contemplated by Local Civil Rule 6.3 of this court. Accordingly, the defendant's motion for reconsideration, Docket Entry No. 138, is denied.

Dated: New York, New York
       September 26, 2018                  SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE