UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
THE TOPPS COMPANY, INC.,              :

                       Plaintiff        :

    -against-                       :            **MEMORANDUM AND ORDER**

KOKO'S CONFECTIONARY &         :
NOVELTY, A DIVISION OF A & A                 16-CV-5954 (GBD)(KNF)
GLOBAL INDUSTRIES, INC.,        :

                    Defendant.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On August 27, 2020, the defendant's motion for summary judgment on the claims of patent infringement and trade dress infringement was granted and the plaintiff's motion for summary judgment denied. See Docket Entry No. 216. The Clerk of Court entered judgment and the case was terminated. See Docket Entry Nos. 217 and 218. On September 10, 2020, the defendant made a motion "for Attorneys' Fees and Costs pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), the Patent Act, 35 U.S.C. § 285, and Federal Rules of Civil Procedure 54(d)(2)." Docket Entry No. 219. On September 21, 2020, the plaintiff filed a notice of appeal from the judgment. See Docket Entry No. 221. Thereafter, the plaintiff filed a letter-motion requesting that: (i) "further briefing on Koko's motion for fees be stayed until after the appeal is resolved" because "[p]roceeding now with briefing on the motion would result in an unnecessary expenditure of resources by the Court and the parties in the event that Topps prevails in its appeal"; or (ii) alternatively, the Court "deny the motion without prejudice, pending the resolution of Topps' appeal." Docket Entry No.222.

1

The defendant opposes the plaintiff's request for a stay, noting that the Court has discretion to: "(1) rule on the claim for fees; (2) defer a ruling on fees; or (3) deny the motion for fees without prejudice until after the appeal has been resolved." According to the defendant, "[e]fficiency, and Second Circuit case law, suggests that this Court should consider and rule on the Motion for Fees during, not after, the pendency of the appeal – and, if appropriate, in time for any appeal on the fee motion to be consolidated with the appeal on the merits."

In its reply letter, the plaintiff asserts "that both judicial and party resources are better spent on Topps' pending appeal," because, "even if Koko's could meet its burden of proving exceptional case (it cannot), additional briefing and evidence would be required to determine the amount of fees, which risks further wasted effort by the parties and the Court. Accordingly, any further briefing on attorneys' fees should be stayed pending resolution of Topps' appeal." Docket Entry No. 224.

## LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. " Fed. R. Civ. P. 54(d)(1). "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

> (B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
>
> Fed. R. Civ. P. 54(d)(2)(B).

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) Advisory Committee's Note (1993).

### APPLICATION OF LEGAL STANDARD

Upon consideration of the parties' arguments and, "[s]ince the pending Rule 54 motion[] turn[s] on which party is the 'prevailing party' for purposes of entitlement to fees and costs, it is clear that the resolution of plaintiff's pending appeal on the merits could potentially impact [the Court's] determination of the [fee] motion[]." Matsumura v. Benihana Nat. Corp, No. 06 CIV 76009, 2010 WL 1783552, at *1 (S.D.N.Y. Apr. 23, 2010). Accordingly, the Court finds that denying the defendant's motion for attorney's fees is warranted without prejudice to its renewal within 14 days of the entry of the appellate mandate on the docket sheet maintained by the Clerk of Court for this case.

### CONCLUSION

For the foregoing reasons: (1) the defendant's motion for attorney's fees, Docket Entry No. 219, is denied without prejudice to its renewal within 14 days of the entry of the appellate mandate on the docket sheet maintained by the Clerk of Court for this case; and (2) the plaintiff's alternative request to deny the defendant's motion without prejudice, Docket Entry No. 222, is granted.

Dated:  New York, New York
       October 15, 2020                                                SO ORDERED:

                                                                    _____
                                                                    KEVIN NATHANIEL FOX
                                                                    UNITED STATES MAGISTRATE JUDGE